**Alberto SANCHEZ-LUNA, Petitioner,**

v.

**Jefferson B. SESSIONS III, Attorney General, Respondent.**

**No. 15-70285**

United States Court of Appeals, Ninth Circuit.

Submitted April 11, 2017 [*]

Filed April 19, 2017

Angela Novas McGill, Esquire, Attorney, Law Office of Angela Novas McGill, APC, Long Beach, CA, for Petitioner

Siu P. Wong, Esquire, Trial Attorney, OIL, DOJ—U.S. Department of Justice, Civil Division/Office of Immigration Litigation, Washington, DC, Chief Counsel ICE, Office of the Chief Counsel, Department of Homeland Security, San Francisco, CA, for Respondent

---

[*] The panel unanimously concludes this case is suitable for decision without oral argument.

*See* Fed. R. App. P. 34(a)(2).

Before: GOULD, CLIFTON, and HURWITZ, Circuit Judges.

### MEMORANDUM **

Alberto Sanchez-Luna, a native and citizen of Mexico, petitions for review of the Board of Immigration Appeals' ("BIA") order denying his motion to reopen. We have jurisdiction under 8 U.S.C. § 1252. We review for abuse of discretion the denial of a motion to reopen, *Mohammed v. Gonzales*, 400 F.3d 785, 791-92 (9th Cir. 2005), and we deny the petition for review.

The BIA did not abuse its discretion in denying Sanchez-Luna's motion to reopen for failure to establish prima facie eligibility for adjustment of status. *See INS v. Abudu*, 485 U.S. 94, 104, 108 S.Ct. 904, 99 L.Ed.2d 90 (1988).

The BIA sufficiently articulated its reasons for denying his motion. *See Najmabadi v. Holder*, 597 F.3d 983, 990 (9th Cir. 2010).

We deny Sanchez-Luna's request for judicial notice of the extra-record evidence he submitted with his opening brief. *See Dent v. Holder*, 627 F.3d 365, 371 (9th Cir. 2010) (stating standard for review of out-of-record evidence).

In light of this disposition, we need not reach Sanchez-Luna's remaining contention regarding numerical limitations on his motion. *See Simeonov v. Ashcroft*, 371 F.3d 532, 538 (9th Cir. 2004).

**PETITION FOR REVIEW DENIED.**

---

** This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.